*Appeal No. 25-cv-04076-MMC*

---

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

---

DAN YOON,

                                Plaintiff and Appellee

v.

K.S. AVIATION, INC. et al.,

                              Defendants and Appellants

---

On Appeal from the United States District Court
for the Northern District of California
Hon. Charles Novack
Case No. 19-42763
Adv. N. 20-4021

---

## RESPONDENT'S BRIEF

---

Bernie Kornberg
bernie.kornberg@millernash.com
MILLER NASH LLP
340 Golden Shore, Suite 450
Long Beach, California 90802
562.435.8002

Attorneys for Plaintiff and Appellee
Dan Yoon

# TABLE OF CONTENTS

I.      JURISDICTIONAL STATEMENT .................................................................5

II.     STATEMENT OF ISSUES PRESENTED; STANDARD OF
        REVIEW ................................................................................................5

III.    STATEMENT OF THE CASE .....................................................................6

IV.     SUMMARY OF ARGUMENT .....................................................................6

V.      THE COURT SHOULD AFFIRM THE JUDGMENT .................................9

        A.    The Bankruptcy Court Correctly Concluded that the BAED
              Loan Was Subject to Indemnification under the Settlement
              Agreement ................................................................................9
              1.   The Court Should Disregard This Argument As Not
                   Raised Below ...................................................................10
              2.   The Undisputed Evidence in the Record Shows that the
                   BAED Loan was Used to Purchase the Simulator.................11

        B.    The Court Correctly Concluded that KSA and John Yoon Were
              Not Excused From Performance ...............................................14
              1.   The Duty to Indemnify Constitutes an Independent
                   Obligation from the Duty to Turn over Shares......................14
              2.   In the Alternative, the Court Has Already Adjudicated
                   that No Breach Occurred ...........................................18
              3.   There Was No Failure of Consideration ...................................21

        C.    There is No Reversible Error in the Bankruptcy Court's
              Decision to Impose Successor Liability and Alter Ego ....................22

VI.     CONCLUSION.................................................................................25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. City of Bessemer City*,
  N.C., 470 U.S. 564 (1985) ...................................................................................24

*In re Beva*n,
  327 F.3d 994 (9th Cir. 2003) ...............................................................................21

*Caner v. Owners' Realty Co.*,
  33 Cal. App. 479 (Cal. Ct. App. 1917) ...............................................................18

*Davis v. United States*,
  854 F.3d 594 (9th Cir. 2017) ...............................................................................12

*Donell v. Kowell*,
  533 F.3d 762 (9th Cir. 2008) .................................................................................5

*Frankel v. Bd. of Dental Examiners*,
  46 Cal. App. 4th 534 .............................................................................................16

*Hall v. Dekker*,
  45 Cal. App. 2d 783 (1941) ..................................................................................18

*Husain v. Olympic Airways*,
  316 F.3d 829 (9th Cir. 2002), *aff'd*, 540 U.S. 644 (2004)....................................6

*Manley v. Rowley*,
  847 F.3d 705 (9th Cir. 2017) ...............................................................................13

*McSherry v. City of Long Beach*,
  584 F.3d 1129 .........................................................................................................5

*Nigro v. Sears, Roebuck & Co.*,
  784 F.3d 495 (9th Cir. 2015) ...............................................................................13

*Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*,
  210 F.3d 1099 (9th Cir. 2000) .............................................................................12

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001) ...............................................................................20

*Russ Lumber & Mill Co. v. Muscupiabe Land & Water Co.*,
    120 Cal. 521 (1898) ...................................................................22

*In re Sienega*,
    619 B.R. 405 (B.A.P. 9th Cir. 2020), *aff'd*, 18 F.4th 1164 ..................5

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
    809 F.2d 626 (9th Cir. 1987) .............................................5, 19

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*,
    322 F.3d 1064 (9th Cir. 2003) .........................................20, 24

*United States v. Coast Wineries*,
    131 F.2d 643 (9th Cir. 1942) .................................................21

*United States v. Liquidators of Eur. Fed. Credit Bank*,
    630 F.3d 1139 (9th Cir. 2011) ...............................................20

*United States v. Reyes*,
    8 F.3d 1379 (9th Cir. 1993) .............................................7, 11

*United States v. Shearer*,
    2023 WL 5155807 (E.D. Cal. July 21, 2023) ...............................14

*Verdier v. Verdier*,
    133 Cal. App. 2d 325 (1955) .........................................8, 15, 16, 18

*Young v. Allstate Co.*,
    662 F. Supp. 3d 1066 (C.D. Cal. 2023) .....................................11

**Statutes**

Cal. Civ. Code § 2847 ...................................................................22

**Other Authorities**

Fed. R. Bankr. P. 7056 ................................................................14

Federal Rule of Bankruptcy Procedure 8014(b) ...................................5, 6

Plaintiff and appellee Dan Yoon ("Plaintiff") hereby responds to the opening brief of defendants and appellants John Yoon, K.S. Aviation, Inc., Xing Kong Aviation Service, LLC, and Xin Han Aviation, LLC ("Defendants").

## I. JURISDICTIONAL STATEMENT

Pursuant to Federal Rule of Bankruptcy Procedure 8014(b), Plaintiff accepts the jurisdictional statement of Defendants.

## II. STATEMENT OF ISSUES PRESENTED; STANDARD OF REVIEW

The first issue raised by this appeal is whether the bankruptcy court correctly granted partial summary judgment in Plaintiff's favor.

This Court reviews the bankruptcy court's decision to grant summary judgment *de novo*. *In re Sienega*, 619 B.R. 405, 408 (B.A.P. 9th Cir. 2020), *aff'd*, 18 F.4th 1164 (9th Cir. 2021); *see also Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008). In doing so, this Court is not limited by the bankruptcy court's reasoning but "may affirm on the basis of any ground supported by the record." *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009). Thus, "when reviewing a grant of summary judgment, this court sits in the same position as the district court and applies the same summary judgment test that governs the district court's decision*." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The second issue raised in this appeal is whether the bankruptcy court

correctly found and concluded that defendants Xing Kong and Xin Han were liable for the debts of KSA under the doctrines of successor liability and alter ego. "A district court's findings of fact are reviewed for clear error." *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002), *aff'd*, 540 U.S. 644 (2004). "Clear error review is deferential to the district court, requiring a 'definite and firm conviction that a mistake has been made.'" *Id*. "A district court's conclusions of law are reviewed de novo." *Id*.

## III.    STATEMENT OF THE CASE

While Plaintiff disagrees with many of the characterizations or factual assertions set forth in Defendants' Statement of the Case, it sets forth the factual and procedural issues that lead to this appeal. Pursuant to Federal Rule of Bankruptcy Procedure 8014(b), Plaintiff does not provide its own Statement of the Case.

## IV.    SUMMARY OF ARGUMENT

This case involves a nearly six year of litigation between Plaintiff and Defendants regarding the enforceability and performance of the Settlement Agreement entered between them. The bankruptcy court ultimately concluded that Defendants breached the Settlement Agreement, either directly or through theories of successor or alter ego liability and entered judgment in Plaintiff's favor for $260,514.18. The bankruptcy court's findings and conclusions that led to this

award are without error.

First, in the Settlement Agreement, KSA and John Yoon agreed to indemnify Plaintiff if any creditor brought a collection action loans which he guaranteed, but only for loans where the loan proceeds were used for "the simulator facility and its contents."  Settlement Agreement § 3 [Ex. D]. Plaintiff sought summary adjudication that there were no disputed material facts as to his right to indemnification.

The bankruptcy court, after briefing and argument, found that there were no disputed issues of fact that proceeds of a loan given by Bay Area Employment Development Company ("BAED") and guaranteed by Plaintiff were used for the simulator facility and its contents, and thus issued a finding of fact under Rule 56(g). Order Granting Summary Judgment ¶ 1.e. [Ex K]. As to the other loans Plaintiff guaranteed, which arose out of general lines of credit given to KSA, the bankruptcy court concluded there were disputed issues of fact and denied summary judgment.

Defendants argue the bankruptcy court erred in finding the BAED loan subject to indemnification, contending Plaintiff failed to meet his burden. But this argument was not raised below and cannot be considered now. *United States v. Reyes*, 8 F.3d 1379, 1390 (9th Cir. 1993). Further, Plaintiff introduced admissible testimony that the BAED loan proceeds were used solely for the simulator facility.

Defendants failed to introduce any counter-evidence to create a disputed issue. The bankruptcy court thus ruled correctly.

Second, Defendants assert that even if the BAED loan was subject to indemnification, they had no obligation to do so due to the failure of Plaintiff to perform his obligations under the Settlement Agreement. The Settlement Agreement requires Plaintiff to return all shares he held in KSA. Defendants introduced facts at summary judgment for the purpose of disputing that Plaintiff returned his shares. They assert that the bankruptcy court should have found a disputed material fact as to Plaintiff's performance, and that without performance, they had no obligation to indemnify.

The bankruptcy court correctly found that the obligation to return shares and to indemnify were independent obligations within the Settlement Agreement. Under California law, the failure to perform on an obligation is not a basis to excuse performance of independent obligations, even within the same contract. *Verdier v. Verdier*, 133 Cal. App. 2d 325, 334 (1955). Instead, the correct remedy is to seek monetary damages (which Defendants tried to do, but lost). Therefore, whether Plaintiff did or did not return the shares is simply irrelevant to the issue before the Court on this appeal.

Finally, in what appears to be a throwaway argument, Defendants assert that the bankruptcy court made a clear error in determining that the doctrines of

successor liability and alter ego applied to extend the liability of KSA to Xing Kong and Xin Han. The bankruptcy court's ruling was based, in part, on the fact that all assets of KSA were transferred to Xing Kong or Xin Han, except for four planes whose title remained with KSA. Defendants argue that because those four planes remained titled with KSA, the bankruptcy court erred. This explanation makes little sense, especially in light of the fact that Xing Kong and Xin Han used the four planes without compensation to KSA. Regardless, given the other substantial evidence identified by the bankruptcy court for successor liability and alter ego, this argument fails to show clear error and is not a basis for reversal.

## V. THE COURT SHOULD AFFIRM THE JUDGMENT

### A.    The Bankruptcy Court Correctly Concluded that the BAED Loan Was Subject to Indemnification under the Settlement Agreement

The Settlement Agreement requires KSA and John Yoon to indemnify Plaintiff to the extent creditors seek to enforce his guarantees on loans taken out for the "simulator facility and its contents."  Settlement Agreement § 3 [Ex. D]. Defendants agree, stating that "Dan is entitled to indemnification of the BAED loan only if it was used to purchase the Simulator or construct the simulator facility."  AOB p.14. There is therefore no real dispute that Plaintiff is entitled to indemnification from KSA and John Yoon on any loan where the proceeds were "used to purchase the Simulator or construct the simulator facility."

In granting summary judgment, the bankruptcy court found that "[i]n July

2014, Sierra Air borrowed $1.5 million from Bank of the West and $1.543 million from the BAED to purchase a Boeing 737 flight simulator." Order Granting Summary Judgment ¶ 1.e. [Ex. K]. Defendants now argue that the trial court erred in finding that BAED debt was used to purchase the Boeing 737 flight simulator and therefore summary judgment should be reversed as to the finding of damages. AOB p.14.

### 1. The Court Should Disregard This Argument As Not Raised Below

Defendants are precluded from arguing that the BAED Loan proceeds were not used for the simulator facility as it was not argued below. Defendants' brief in opposition to the motion for partial summary judgment *did not* assert that the BAED Loan did not qualify for indemnification under the Settlement Agreement.

Rather, two separate arguments were raised. First, that Plaintiff had waived his right to enforce the Settlement Agreement. MSJ Opposition p.3:5-18, [Ex G]. Second that Plaintiff could not enforce the Settlement Agreement as he had failed to return the KSA shares. MSJ Opposition p.3:20-4:6 [Ex. G]. Nor did Defendants raise any argument regarding the use of the BAED Loan proceeds in their supplemental brief regarding summary judgment. See Supplemental Brief in Opposition [Ex. H]. This issue is therefore being raised for the first time on appeal.

"Ordinarily, an issue raised for the first time on appeal is not considered by this court." *Reyes*, 8 F.3d at 1390. There are three "narrow and discretionary

exceptions" to the rule against consider issues for the first time on appeal: "(1) when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, (2) when a change in law raises a new issue while an appeal is pending, and (3) when the issue is purely one of law." *United States v. Reyes*, 8 F.3d at 1390. Nothing in this case implicates "a miscarriage of justice." Defendants do not assert a change in law. Finally, the issue is not one of law, but regarding fact. No exception applies and this Court may not consider this argument for the first time on appeal.

Finally, it should be noted that allowing Defendants to raise this issue now would be highly prejudicial to Plaintiff. At the time of summary judgment, there was no reason to think any party contested this issue. Defendants did not raise it in their discovery responses. See Response to Interrogatories, [Ex. F]. Had Defendants tried to make an issue of it, Plaintiff could have introduced additional evidence. *Young v. Allstate Co.*, 662 F. Supp. 3d 1066, 1073 (C.D. Cal. 2023) (*citing Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n. 2 (9th Cir. Apr. 16, 2007)) ("a party may introduce evidence that directly responds to evidence provided in Opposition papers"). Allowing Defendants to challenge this issue for the first time now is nothing but gamesmanship.

### 2.    The Undisputed Evidence in the Record Shows that the BAED Loan was Used to Purchase the Simulator

Even if this Court were to consider the issue, the bankruptcy court correctly

found that the undisputed material facts showed that the BAED Loan was used for the purchase of the simulator facility and its contents.

The legal standard for deciding whether a material fact is disputed is well set out. "[T]he moving party bears the burden of establishing the basis for its motion and identifying evidence that demonstrates the absence of a genuine issue of material fact." *Davis v. United States*, 854 F.3d 594, 598 (9th Cir. 2017). "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Id.*

At summary judgment, Plaintiff introduced evidence that the BAED Loan proceeds were used to purchase the 747 Simulator. Plaintiff testified to that fact in his declaration, stating that "SACD also obtained a $1,543,000 SBA loan from the Bay Area Employment Development Company ("BAEDC") for the purchase of the Boeing 737 simulator."  Plaintiff's Declaration ¶ 10 [Ex. C]. Plaintiff thus met his burden on providing evidence that the BAED Loan proceeds were used to purchase the 737 Simulator.

Defendants' chief argument is that the bankruptcy court should have disregarded this testimony because of a prior finding that Plaintiff was not a

credible witness. AOB p.14. "[A] court ruling on a motion for summary judgment

may not engage in '[c]redibility determinations' or 'the weighing of evidence,' as

those are functions reserved for the jury." *Manley v. Rowley*, 847 F.3d 705, 711

(9th Cir. 2017). Defendants in fact quote authority for this exact proposition in

their own brief, raising question as to why they advanced this argument. AOB p.3.

Regardless, a court reviewing a motion on summary judgment cannot simply

disregard a moving party's otherwise admissible testimony. *See Nigro v. Sears,*

*Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) ("district court may not

disregard a piece of evidence at the summary judgment stage solely based on its

self-serving nature"). Rather, it is the burden of the non-moving party to introduce

evidence showing the issue of fact is disputed, something that Defendants did not

do.

Recognizing that the evidence presented at summary judgment was

sufficient, Defendants seek to introduce evidence introduced at the *subsequent* trial

to show there was a disputed issue of fact. AOB pp.15-17. Plaintiff submits that

this "evidence" does not create any such disputed issue of fact. But regardless, this

new evidence is raised too late. "If the court does not grant all the relief requested

by the motion, it may enter an order stating any material fact — including an item

of damages or other relief — that is not genuinely in dispute and treating the fact

as established in the case." Fed. R. Civ. P. 56(g) (as incorporated by Fed. R.

Bankr. P. 7056). At trial, the issue of damages from the BAED loan was already established and Plaintiff did not need to, and did not try to, provide additional evidence to show the BAED loan proceeds were used for the simulator facility.

If Defendants believed that the bankruptcy court erred in granting summary judgment, their remedy was to seek reconsideration of the order granting summary judgment due to newly discovered evidence. *See United States v. Shearer*, 2023 WL 5155807, at *2 (E.D. Cal. July 21, 2023). They did not do so. Nor do Defendants make any effort to explain why these facts could not have been timely raised in opposition to the motion summary judgment. The evidence elicited at trial is simply not before the Court as to the review of the summary judgment order.

## B. The Court Correctly Concluded that KSA and John Yoon Were Not Excused From Performance

### 1. The Duty to Indemnify Constitutes an Independent Obligation from the Duty to Turn over Shares

In opposing summary judgment, Defendants asserted that KSA and John Yoons' obligation to indemnify Plaintiff under the Settlement Agreement was excused as Plaintiff failed to perform his obligation under the Settlement Agreement to return his shares in KSA.[1] MSJ Opposition pp.3:20-4:6 [Ex. G].

---

[1] Plaintiff will note that, as he originally asserted in his motion for partial summary judgment, Defendants rendered performance of this condition impossible. Motion for Summary Judgment p.10:7-14 [Ex. 168]. Plaintiff did return the shares when Defendants finally agreed to accept them. Kornberg Declaration ¶ 3 [Ex. I].

Under California law, an alleged breach of a contractual obligation of a plaintiff only bars recovery if the covenant plaintiff seeks to enforce is a condition precedent on the same covenant plaintiff breached. *Verdier*, 133 Cal. App. 2d at 334 ("If the covenants are independent, breach of one does not excuse performance of the other").

Plaintiff's obligation to return shares is set forth in section two of the Settlement Agreement. Settlement Agreement § 2 [Ex. D]. The obligation of KSA and John Yoon to indemnify Plaintiff is set for in section three. Settlement Agreement § 3 [Ex. D]. Both clauses stand on their own and have no linking language. The bankruptcy court concluded as follows.

> This court's review of the Settlement Agreement reveals that the indemnification provision is wholly independent of Dan Yoon's obligation to turn over the shares. First, there is no express language linking the two provisions. Second, the timing of Dan Yoon's obligation to turn over the shares and John Yoon and KSA's duty to indemnify are completely distinct and can be performed at different times. Accordingly, there is no material question of fact that John Yoon and KSA have breached their duty to indemnify Dan Yoon for the Sierra Air Loans and that this duty is independent of Dan Yoon's obligation to turn over his KSA shares.

Memorandum Decision at p.11:10-17 [Ex. J].

Defendants implicitly acknowledge that there is no language connecting the two clauses and instead argue that returning the shares was an "implied condition" of KSA and John Yoon's performance under the Settlement Agreement. This

argument was correctly rejected by the bankruptcy court.

California law strongly disfavors the finding of an implied condition. "To construe covenants as dependent is to work a forfeiture as to one party, and no obligation of a contract is to be regarded as a condition precedent unless made so by express terms or necessary implication." *Verdier*, 133 Cal. App. 2d at 334 (1955); *see also Frankel v. Bd. of Dental Examiners,* 46 Cal. App. 4th 534, 550 (1996) ("courts shall not construe a term of the contract so as to establish a condition precedent absent plain and unambiguous contract language to that effect"). A review of the Settlement Agreement shows that this heavy burden is not met.

First, the Settlement Agreement itself directly sets forth the condition precedent for indemnification. "*In recognition of Dan's agreement that KSA, lnc.'s owns the simulator facility and its contents*; John and KSA, Inc., agree to indemnify Dan should the loans for said items become delinquent and the creditors seek enforcement against Dan."  Settlement Agreement § 3 [Ex. D] (emphasis added). Thus, Plaintiff agreed that KSA was the sole owner of the simulator facility and its contents, and in exchange, John Yoon and KSA agree to indemnify Plaintiff for the loans taken out to purchase the simulator facility. Defendants have not alleged or introduced any facts showing that Plaintiff, post-settlement, asserted any claim to the simulator facility. As to the Settlement Agreement directly sets

forth the condition that Plaintiff must perform to receive indemnification, this Court may not add a new condition in its place.

Second, at the beginning of section 2, the Settlement Agreement provides that "[i]n return for Dan's promises, in this agreement, John and KS Aviation, Inc. shall relinquish their interests in Sierra Air Center Development, LLC and the EB-5 program to Dan, in order for him to hold a 100%. controlling interest in the program."  The parties, in this clause, created an express condition precedent that certain obligations of KSA and John Yoon were conditioned upon Plaintiff's full performance with all terms of the Settlement Agreement. They did not draft a similar requirement in section three, regarding indemnification. The parties knew how to manifest conditions in their agreement regarding compliance with the terms of the Settlement Agreement, but did not do so as to indemnification. Adding one in now would be no less than rewriting the terms otherwise bargained for.

Third, "where a breach is partial and is [capable of being fully compensated,] the strong tendency is to regard it as insufficient to constitute a defense" to performance. *Verdier*, 133 Cal. App. 2d at 334 (1955). Here, there is no explanation why money damages, or an order for performance, is not sufficient to remedy any harm by the failure to return the shares.

Fourth, and finally, "the law is settled that where covenants of a contract are to be performed at different times, they are independent, and the breach by one

party of his covenant does not excuse the performance by the other party of his covenant." *Hall v. Dekker*, 45 Cal. App. 2d 783, 788 (1941). The bankruptcy court was correct that the return of the shares and the obligation to indemnify "can be performed at different times." The obligation under the Settlement Agreement to return shares does not state a time to perform, and this Court thus would imply a "reasonable time" to perform. *Caner v. Owners' Realty Co.*, 33 Cal. App. 479, 481 (Cal. Ct. App. 1917). The obligation to indemnify only occurs only at such time "the loans for said items become delinquent and the creditors seek enforcement against Dan." Settlement Agreement § 3 [Ex. D]. Therefore, the timing of performance of each obligation is separate.

Defendants also provide a host of arguments as to why it would not make sense for KSA and John Yoon to agree to indemnify Plaintiff unless he first released the shares. None of these arguments are supported by any evidence in the record that was before the Court during summary judgment. More importantly, while Defendants may regret not adding those terms now, no facts are introduced showing that without the condition, the settlement is rendered meaningless. There is no basis to add in an implied condition based solely on the musing of Defendants.

## 2. In the Alternative, the Court Has Already Adjudicated that No Breach Occurred

While not ruled on by the bankruptcy court as it found that the two clauses

independent, Plaintiff raised the alternative ground in his summary judgment motion that the issue regarding his performance was already adjudicated in his favor in his favor. Motion for Summary Judgment at pp.11-13. As Plaintiff raised the issue in his motion for summary judgment, this Court may equally affirm on this separate ground. *T.W. Elec. Serv.*, 809 F.2d at 630.

On February 25, 2020, KSA filed amended proof of claim 6-1 in the Bankruptcy for $2,120,787.00 which asserted claims against Plaintiff for alleged corporate malfeasance during his time as an officer of KSA. Claim 6-1 [Ex. R]. It later amended this claim on March 30, 2020. Claim 6-2 [Ex. S]. On October 21, 2020, Plaintiff objected to Proof of Claim 6-2 on that ground that there was no legal basis for enforcement. Objection to Claim [Ex. O]. The Court sustained the objection and disallowed Proof of Claim 6-2 of the merits. Order Sustaining Objection [Ex. P]. This disallowance constitutes a prior judgment which precludes relitigation of the breach of the Settlement Agreement under the doctrine of res judicata.

Res judicata applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). These elements are met here.

First, there is an identity of claims. "The fact that res judicata depends on an

'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." *Tahoe-Sierra*, 322 F.3d at 1077–78. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). "[I]n most res judicata cases, the inquiry about the 'same transactional nucleus of facts' is the same inquiry as whether the claim could have been brought in the previous action." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1152 (9th Cir. 2011) (emphasis in original).

Claim 6-2 arises out of a complaint which alleged wrongdoing by Plaintiff during his time as an officer of KS Aviation. Claim 6-2. While the complaint attached to Claim 6-1 did not bring a claim for breach of the Settlement Agreement, the complaint acknowledged that "Yoon and [Plaintiff] reached a Settlement Agreement in which [Plaintiff] agreed to immediately resign from all positions he held at KS Aviation and return all shares of KS Aviation to Yoon." Claim 6-1 [Ex. R]. While Claim 6 does not directly allege a breach of the Settlement Agreement, it raises facts arising out of Plaintiff's time as an officer of KSA and expressly relies on the Settlement Agreement. Therefore, a claim for breach of the Settlement Agreement itself, which directly relates to Plaintiff's time

as an officer of KSA, could have been brought in Claim 6. The transactional test is met and there is an identity of claims.

Second, there is a final judgment on the merits. "[A]n order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of res judicata." *United States v. Coast Wineries,* 131 F.2d 643, 648 (9th Cir. 1942); *see also In re Bevan*, 327 F.3d 994, 997 (9th Cir. 2003).

Third, there is an identity of parties. KSA is the claimant on Claim 6. KSA is a defendant in this case. Accordingly, res judicata bars any claim for breach of the Settlement Agreement by KSA. Therefore, Plaintiff may not assert is as a defense of performance.

### 3.    There Was No Failure of Consideration

Defendants argue, again for the first time, that the Settlement Agreement should be treated as void for "failure of consideration." This appears to just be a rehashed argument regarding performance. But to the extent that Defendants are arguing that the failure to return the shares was the sole consideration under the Settlement Agreement, they are incorrect. The Settlement Agreement, amongst other things, includes a mutual release of claims. Settlement Agreement § 14 [Ex. D]. Were it not for this release, Plaintiff would not have needed to rely on the indemnification clause to demand indemnification on his guarantees of the debt to

KSA. Instead, he could have simply asserted his right to statutory indemnification as a guarantor. Cal. Civ. Code § 2847. This would have negated a whole trial on the issue, one where Plaintiff only partially prevailed. Thus, there was clearly significant consideration given by Plaintiff and the "failure of consideration" argument fails.

Further, in the *Russ Lumber* cases cited by Defendants, a failure of consideration is treated as a de facto recission of the Settlement Agreement. *Russ Lumber & Mill Co. v. Muscupiabe Land & Water Co.*, 120 Cal. 521, 527 (1898) ("Where the failure of consideration is total, as where nothing of value has been received by the defendant under it and the plaintiff cannot perform it, no notice of rescission is required"). Plaintiff, in the bifurcated trial in state court, sought recission of the Settlement Agreement, but was opposed by Defendants who prevailed on that issue. Plaintiff will gladly agree to recission now and assert those same rights to statutory indemnification. But Defendants may not have it half-way by rescinding the agreement only as to their obligations.

## C. There is No Reversible Error in the Bankruptcy Court's Decision to Impose Successor Liability and Alter Ego

The bankruptcy court concluded that Xing Kong were liable to Plaintiff for the debts of KSA under the doctrine of successor liability. Memorandum Decision After Trial pp. 23-25 [Ex. M]. The bankruptcy court further concluded that Xing Kong and Xin Han was liable to Plaintiff for the debts of KSA under the doctrine

of alter ego. Memorandum Decision After Trial pp. 25-27 [Ex. M]. On that basis, it entered judgment for the BAED debt, $260,514.18, as to KSA, John Yoon, Xing Kong, and Xin Han. Judgment [Ex. N].

Defendants argue this was error because "K.S. never transferred any aircrafts that it held title to and even continued to retain four aircrafts within its ownership, which is more than enough to satisfy the Bankr. Court's judgment against KSA." AOB p.29. This was not the basis for the bankruptcy court's decision. As to successor liability, the bankruptcy court concluded that "[t]he only assets that appear not to have been transferred were four planes that, as of the trial date, remain titled to KSA, but appear to be used by Xing Kong in its operation of Sierra Academy." Memorandum Decision After Trial p.25:3-5 [Ex. M]. The bankruptcy court made a similar factual finding as to alter ego. Memorandum Decision After Trial p27:2-4. [Ex. M].

Thus the bankruptcy court's factual finding was predicated on the transfer of all other assets except the four planes that remained titled with KSA, along with the fact that Xing Kong made use those planes without compensation to KSA. The trial record supported this conclusion. See Plaintiff's Post Trial Brief pp.19-20 [Ex L]. Further, the transfer of the planes was one of may factual findings made by the bankruptcy court to support its findings of successor liability and alter ago. Memorandum Decision After Trial pp.25, 29-30 [Ex. M]. This Court may not

reverse simply because Defendants argue the bankruptcy court should have weighed the evidence differently, especially when Defendants entire argument is based solely on the testimony of Defendants' principal. *Anderson v. City of Bessemer City*, N.C., 470 U.S. 564, 565 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently").

Defendants also argue that this Court should reverse because there, in the matter of *Cyril Lawrence, Inc. v. K.S. Aviation, Inc.,* the trial court denied a motion to add Xing Kong as a judgment debtor. Ex. 1 to Plaintiff's RJN. It is unclear how the bankruptcy court could have erred when it did not consider a trial court decision in a different case that is being raised for the first time on appeal. Further, the decision has no preclusive value as Plaintiff is not a party to it, and thus the element of privity is not met. *Tahoe Sierra*, 322 F.3d at 1077.

It should also be noted that Plaintiff, in his trial brief, raised a separate case in which both Plaintiff and Xing Kong were parties, where the court concluded that Xing Kong was liable for the debts of KSA as successor to KSA. Plaintiff's Post Trial Brief [Ex. L]. Plaintiff asserted that this constituted res judicata as to the issue of successor liability. The bankruptcy court did not consider this case, but instead concluded that successor liability existed on the merits. But to any extent, if any

other case is preclusive on this issue, it is the one where Plaintiff was also a party.

## VI.    CONCLUSION

For the reasons set forth above, this Court should affirm the decision of the

bankruptcy court.

Dated:  September 26, 2025                 MILLER NASH LLP

                                          /s/ Bernie Kornberg
                                          Bernie Kornberg

                                          Attorneys for Plaintiff and Appellee
                                          Dan Yoon

## PROOF OF SERVICE

I, Bernie Kornberg, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 340 Golden Shore, Suite 450, Long Beach, California 90802.

On September 26, 2025, I electronically filed the attached document:

**RESPONDENT'S BRIEF**

**RESPONDENT'S APPENDIX**

with the Clerk of the court using the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 26, 2025, at San Francisco, California.


/s/ Bernie Kornberg

4913-7905-7260.2